# GERAGOS & GERAGOS

A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 625-1600
Geragos@Geragos.com

MARK J. GERAGOS      SBN 108325
BEN J. MEISELAS      SBN 277412
GREG KIRAKOSIAN      SBN 294580
TYLER M. ROSS        SBN 292263

**SAMINI SCHEINBERG, PC**
BOBBY SAMINI         SBN 181796
NICOLE PRADO         SBN 269833
MATTHEW M. HOESLY    SBN 289593
949 S Coast Drive, Suite 420
Costa Mesa, CA 92626
Telephone: (949) 724-0900

Attorneys for Plaintiff IAN FREEMAN, individually and
As the representative of a class of similarly-situated persons

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN FREEMAN, individually and as the representative of a class of similarly-situated persons;<br><br>Plaintiffs,<br><br>vs.<br><br>ZILLOW, INC., a Washington corporation; and DOES 1 through 50, inclusive;<br><br>Defendants. | **CASE NO.: 8:14-CV-01843**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>1. **FAILURE TO PAY WAGES [CAL. LABOR CODE §§ 1194 AND 1198 ET SEQ.]**<br>2. **FAILURE TO PAY OVERTIME WAGES [CAL. LABOR CODE §§ 510 AND 1198 ET SEQ. ]**<br>3. **FAILURE TO PROVIDE MEAL AND REST BREAKS [CAL. LABOR CODE § 226.7]**<br>4. **WAITING TIME PENALTIES [CAL. LABOR CODE § 203]**<br>5. **FAILURE TO MAINTAIN AND PROVIDE ACCURATE WAGE STATEMENTS [CAL. LABOR CODE §§ 226 AND 1174 ET SEQ.]**<br>6. **UNFAIR BUSINESS PRACTICES [BUS. & PROF. CODE § 17200 ET SEQ.]**<br><br>**DEMAND FOR JURY TRIAL** |

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

Plaintiff Ian Freeman, individually and as the representative of a class of similarly-situated persons (hereinafter referred to as "Plaintiffs"), alleges as follows:

## INTRODUCTION

1.     Plaintiffs' class action arises out of Defendant Zillow, Inc.'s ("Zillow") illegal design to circumvent Federal and State laws with the sole purpose of maximizing profits through a systematic scheme of exploiting and intimidating its employees to miss meal breaks, rest breaks, and work overtime without compensation

2.     Specifically, Zillow implemented an automated method of "recording" its employees' work hours through an automated timekeeping system programed to auto-populate its employees' hours worked to begin at 8:00 a.m. and end at 4:00 p.m., regardless of employees overtime hours worked and missed meal and rest breaks.

3.     Through various memos, meetings, and methods of intimidation, Zillow demanded from Plaintiffs and Class Members to begin work prior to the automatically-recorded 8:00 a.m. start time and continue working well beyond the previously recorded 4:00 p.m. punch-out time.  In fact, Zillow openly instructed its employees that the automated time-keeping system would only be altered in the event an employee missed work or took a sick day.

4.     Zillow also unlawfully demanded that Plaintiffs and Class Members work through their legally mandated "off the clock" meal and rest breaks while denying them compensation by automatically detracting this time from their previously auto-populated timesheets.

5.     In the four years prior to this class action, Zillow's illegal and systematic design of disregarding Plaintiffs and Class Members actual hours worked has led to over $5,000,000 of undocumented and uncompensated hours worked.

6.     Plaintiffs bring this wage and hour class action for overtime hours worked, missed meal and rest breaks, and seeking equitable and injunctive relief, economic and statutory damages, prejudgment interest, costs and attorneys' fees, and other appropriate relief against Zillow and DOES 1 through 50, as alleged herein, for

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

violations of the California *Labor Code*, the *Fair Labor Standards Act*, and other unfair and unlawful conduct in violation of the California *Business & Professionals Code* § 17200, *et seq.*

## JURISDICTION AND VENUE

7.     This Court has original jurisdiction over this action under the *Class Action Fairness Act*, 28, U.S.C. § 1332(d), because this is a class action in which: (1) there are more than a hundred (100) members in the proposed class; (2) various members of the proposed class are citizens of states different from where Defendants are citizens; and (3) the amount in controversy, exclusive of interest and costs, exceeds $5,000,000.00 in the aggregate.

8.     This Court also has federal question jurisdiction over this action pursuant to 28, U.S.C. § 1331 and section 16(b) of the *Fair Labor Standards Act* ("*FLSA*"), 29, U.S.C. § 216(b).

9.     In addition, this Court has supplemental jurisdiction over Plaintiffs' state wage and hour claims under 28, U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in the Central District of California as Defendant: (a) is authorized to conduct business in this District and has intentionally availed itself to the laws within this District; (b) currently does substantial business in this District; and (c) is subject to personal jurisdiction in this District.

## PARTIES

11.     At all times relevant to this action, Plaintiff Ian Freeman was a resident of Orange County, California, and a citizen of California.  Mr. Freeman was a non-exempt hourly employee employed by Zillow in the County of Orange, California.  At all relevant times to this action, Mr. Freeman was employed by Zillow in the position

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1   of Inside Sales Consultant from September 17, 2012 through, at least, September 4,
2   2014.

3       12.   Defendant Zillow (NASDAQ: Z), at all relevant times, was a Washington
4   corporation registered to do business in the State of California.  Zillow is an online
5   home and real estate marketplace for homebuyers, sellers, renters, real estate agents,
6   mortgage professionals, landlords, and property managers.  Zillow claims its database
7   contains more than 110 million U.S. homes.  Zillow also operates the largest real
8   estate and rental advertising networks in the country.

9       13.   Plaintiffs are informed and believe that, during the last four years, Zillow
10  employed no fewer than 120 non-exempt full-time hourly employees in the State of
11  California in the position of Inside Sales Consultant, who were not paid in accordance
12  with Federal and California State laws and regulations.

13      14.   Plaintiffs are informed and believe, and thereon allege, that Zillow is and
14  was advised by skilled lawyers and other professionals, employees, and advisors with
15  knowledge of the requirements of the *FLSA* and California's wage and hour laws.

16      15.   At all times relevant to this action, Zillow and DOES 1 through 50,
17  inclusive, were employers within the meaning of California Industrial Wage
18  Commission Wage Orders in that they directly or indirectly employed and exercised
19  control over wages earned, hours worked, and working conditions of Class Members,
20  including Plaintiffs.

21      16.   At all times relevant to this action, Class Members, including Plaintiffs,
22  were employees of Zillow in Orange County, California, and employed in the position
23  of Inside Sales Consultant.  As such, Class Members, including Plaintiffs, were the
24  type of persons contemplated to be protected by the *FLSA* and California *Labor Code*,
25  and said laws and regulations were intended to apply to Zillow specifically to prevent
26  the type of injury and damage alleged herein.

27
28

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

17. As alleged herein, Zillow is responsible for the implementation of numerous policies and procedures in direction violation of Federal and California State laws, rules, orders, and regulations.

18. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiffs, who therefore sue Defendants by such fictitious names. Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants designated herein as DOES is legally responsible in some manner for the events and happenings referred to herein and caused injury and damage proximately thereby to Plaintiffs as hereinafter alleged. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when the same have been fully ascertained.

19. Plaintiffs are informed and believe, and based thereon allege, that at all times mentioned herein, each of the Defendants was the agent, servant, employee, co-venturer, and co-conspirator of each of the remaining Defendants, and was at all times herein mentioned acting within the course, scope, purpose, consent, knowledge, ratification, and authorization of and for such agency, employment, joint venture and conspiracy.

20. Plaintiffs are further informed and believe, and thereon allege, that at all times herein material each Defendant was completely dominated and controlled by its Co-Defendants, and each was the alter ego of the other. Whenever and wherever reference is made in this Complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally. Whenever and wherever reference is made to individuals who are not named as Defendants in this Complaint, but were employees and/or agents of Defendants, such individuals at all relevant times acted on behalf of Defendants named in this Complaint within the scope of their respective employments.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

21.     Plaintiffs bring this action on behalf of themselves and on behalf of other current and former employees of Zillow and, pursuant to *Business and Professions Code* section 17000 et seq., on behalf of other members of the general public.

## CLASS ACTION ALLEGATIONS

22.     Plaintiffs are informed and believe, and thereon allege, that Zillow designed and implemented an illegal system of automated timekeeping methods while simultaneously requiring Class Members and Plaintiffs to work beyond the previously recorded time and effectively causing Class Members and Plaintiffs to be uncompensated for all overtime hours worked and missed meal and rest breaks.

23.     Plaintiffs are informed and believe, and thereon allege, that Zillow required and demanded that Class Members, including Plaintiffs, work beyond the automatically recorded eight hour work day and/or forty hour workweek without compensation, and demanded that Class Members and Plaintiff work through their required meal and rest breaks without compensation.  Therefore, the amount of wages owed to Plaintiffs and class members is readily and objectively ascertainable.

24.     Plaintiffs bring this action individually, as well as on behalf of each and all other persons similarly situated and, thus, seek class certification under *CCP* § 382. Plaintiffs may properly maintain this action as a class action pursuant to *CCP* § 382 and other applicable law, because there is a well-defined community of interest in the litigation and the proposed class is ascertainable.

25.     All claims alleged herein arise under Federal and California law for which Plaintiffs seek relief.

26.     The proposed class that Plaintiff seeks to represent for the class action causes of action is composed of:

Current and former non-exempt hourly employees who are or were employed by Zillow in California as an Inside Sales Consultant who worked a shift beginning approximately between 8:00 a.m. and 4:00 p.m. at any time

beginning four years preceding the filing of the Complaint in this action through final judgment in this action.

27.     Plaintiffs also seeks to represent a proposed sub-class (the "Former Employee Sub-Class") for certain class action causes of action that is composed of:

Former non-exempt hourly employees who were employed by Zillow in California as an Inside Sales Consultant who worked a shift beginning approximately between 8:00 a.m. and 4:00 p.m. at any time beginning four years preceding the filing of the Complaint in this action through final judgment in this action.

**OVERTIME ALLEGATIONS**

28.     Plaintiffs are informed and believe, and thereon allege, that Zillow knows, should know, knew, or should have known that Class Members, including Plaintiffs, were non-exempt full-time hourly employees entitled to receive overtime compensation for all hours worked above eight hours in any given work day and for all hours worked above a forty hour work week, and that any failure to do so requires Zillow to pay Class Members one and a half times (1 ½) their wages for all hours worked above the normal work day and/or work week.

29.     Plaintiffs are informed and believe, and thereon allege, that Zillow had an unlawful system by which Zillow would auto-populate Plaintiffs and Class Members timecards with a standard eight hour workday and forty hour work week, regardless of the correct overtime hours actually worked by Plaintiffs and Class Members.

30.     Plaintiffs are informed and believe, and thereon allege, that Zillow required and demanded that Plaintiffs and Class members work beyond the auto-populated and automatically recorded eight hour work days and forty hour work weeks.  Zillow had a policy preventing Plaintiffs and Class Members from inputting their true and correct overtime hours in an attempt to prevent Plaintiffs and Class

Members from being compensated for any overtime hours worked.  However, Zillow required Plaintiffs and Class Members to detract hours from their auto-populated timecards in the event that Plaintiffs or Class Members were to ever take a sick day or miss any amount of work.

31.    Plaintiffs are informed and believe, and thereon allege, that Zillow had the expectation through a method of demands and intimidating requests that Plaintiffs and Class Members begin work before the auto-populated work hours.

32.    Zillow knew or should have known of Federal and State laws prohibiting their conduct which were aware that Plaintiff and Class Members worked periods of eight hours or more, per work day, without receiving overtime compensation. Specifically, Zillow intended to circumvent California Industrial Welfare Commission Order 5-2001 provides that:

> "One and one-half (1 ½ ) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek."

33.    Zillow's practice of requiring employees to work eight hours and more without overtime compensation is in violation of the Industrial Welfare Commission's wage order, the California Labor Code, and relevant laws, rules, orders, requirements and regulations.

34.    Zillow permitted and caused its non-exempt employees to work eight or more hours without overtime compensation provided by Federal and California law for more than four years.  Plaintiffs and class members are entitled to back wages to compensate them retroactively for all overtime of which they were deprived during the class period, plus all applicable penalties.

**MEAL AND REST BREAK ALLEGATIONS**

35.    Plaintiffs are informed and believe, and thereon allege that Defendants know, should know, knew or should have known that Class Members, including

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

Plaintiffs, were entitled to receive duty-free meal periods within the first five (5) hours of any shift of six (6) or more hours worked, and that any failure to do so requires Defendants to pay Class Members one (1) hour of wages per day for untimely, missed, or on-duty meal periods.

36.     Plaintiffs are informed and believe, and thereon allege, that Defendants know, should know, knew or should have known that Class Members, including Plaintiffs, were entitled to ten (10) minute rest breaks for each shift of four (4) hours, and that any failure to do so requires Defendants to pay Class Members, including Plaintiffs, one (1) hour of wages per day for missed or on-duty rest breaks.

37.     Plaintiffs are informed and believe, and thereon allege, that during the Class Period Defendants had a consistent policy or practice of failing to provide a duty-free meal period to Class Members, including Plaintiffs, within the first five (5) hours of any shift of six (6) or more hours worked.

38.     Plaintiffs are informed and believe, and thereon allege, that during the Class Period Defendants had a consistent policy or practice of failing to provide to Class Members, including Plaintiffs, a ten (10) minute break for each shift of four (4) hours worked.

39.     Plaintiffs are informed and believe, and thereon allege, that during the Class Period Defendants had a consistent policy or practice of requiring Class Members, including Plaintiffs, to clock out for meal periods and rest breaks even when the Class Members, including Plaintiffs, were required to continue working through those meal periods and rest breaks, or were required to stay on the premises during their meal periods.

40.     Plaintiffs are informed and believe, and thereon allege, that during the Class Period Defendants had a consistent policy or practice of failing to compensate Class Members, including Plaintiffs, for duty-free meal periods that were not provided within the first five (5) hours of any shift of six (6) or more hours worked.

41.     Plaintiffs are informed and believe, and thereon allege, that during the Class Period Defendants had a consistent policy or practice of failing to compensate Class Members, including Plaintiffs, for missed rest breaks that were not provided within each four (4) hours of a shift.

42.     Plaintiffs are informed and believe, and thereon allege, that during the Class Period Defendants had a consistent policy or practice of failing to compensate Class Members, including Plaintiffs, for on-duty meal periods.

43.     Plaintiffs are informed and believe, and thereon allege, that during the Class Period Defendants had a consistent policy or practice of failing to provide Class Members, including Plaintiffs, with accurate wage statements reflecting the true number of hours worked due to Defendants' failure to provide lawful, timely and duty-free meal and rest periods.

44.     While employed as non-exempt employees, Plaintiffs and class members routinely worked periods of four hours or more, twice per work day, without receiving a rest break. The California Industrial Welfare Commission Order 5-2001 provides that:

>    "Every employer shall authorize and permit employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof."

45.     Zillow's practice of requiring employees to work four hours or more without a rest period is in violation of the Industrial Welfare Commission's wage order, the California Labor Code, and relevant laws, rules, orders, requirements and regulations.

46.     Zillow permitted and caused its employees to toil without the rest periods provided by California labor law for more than four years.  Plaintiffs and class members are entitled to back wages to compensate them retroactively for all break

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

periods of which they were deprived during the class period, plus all penalties, in addition to one hour's compensation as prescribed by I.W.C. Wage Order 5-2001.

**PROPER CLASS ACTION**

47.    This action is brought, and may properly be maintained, as a class action under *CCP* § 382 because there is a well-defined community of interest in the litigation and the proposed class are easily ascertainable. This action satisfies the predominance, typicality, numerosity, superiority, and adequacy requirements of these provisions.

(a) **Numerosity**: The plaintiff class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. While the exact number of class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe, and based thereon allege, Defendants have employed more than 500 persons in hourly positions during the Class Period.

(b) **Commonality**: Common questions of law and fact exist as to all members of the plaintiff class and predominate over any questions that affect only individual members of the class. The common questions of law and fact include, but are not limited to:

(i) Whether Defendants have had a policy and practice of failing to authorize and permit Class Members to leave the premises during a 10-minute rest break for every four (4) hours worked in a shift, and whether such policy and practice is and was unlawful;

(ii) Whether Defendants have had a policy and practice of failing to authorize and permit Class Members to leave the premises during a meal break for every shift lasting longer than five (5) hours, and whether such policy and practice was unlawful;

(iii) Whether Defendants have had a policy of requiring that their hourly employees clock out for a meal break, even though they are not permitted to leave the premises;

(iv) Whether Defendants' policy and practice of requiring that their hourly employees remain on the premises during their meal breaks entitles putative class members to overtime compensation for shifts lasting longer than eight (8) hours;

(v) Whether Defendants' policy and practice of not providing duty-free meal periods resulted in incorrect wage statements being provided to putative class members;

(vi) Whether Defendants' policies and practices as alleged herein violated *B&P Code § 17200, et seq.*;

(vii) Whether Defendants violated *Labor Code* § 2698, *et seq.* by engaging in the policies and practices alleged herein; and

(viii) Whether penalties should be assessed for the alleged *Labor Code* violations.

(c) **Typicality**: Plaintiffs' claims are typical of the claims of the Class Members. Plaintiffs and the members of the class sustained damages arising out of Defendants' common policies and practices as alleged herein.

(d) **Adequacy**: Plaintiffs will fairly and adequately protect the interests of the members of the class. Plaintiffs have no interest that is adverse to the interests of the other Class Members.

(e) **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all members of the class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense that numerous individual actions would engender. The expenses and burdens of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while important public interests will be served by addressing the matter

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1  as a class action. The cost to and burden on the court system of adjudication of
2  individualized litigation would be substantial, and substantially more than the
3  costs and burdens of a class action. Class litigation would also prevent the
4  potential for inconsistent or contradictory judgments.

5  (f) **Public Policy Considerations**: When employers violate state wage and hour
6  laws as is the case here, current employees are often afraid to assert their rights
7  out of fear of direct or indirect retaliation. Former employees are fearful of
8  bringing actions because they perceive that their former employers can frustrate
9  their efforts to find future employment through negative references and other
10 means. Class actions provide the class members who are not named in the
11 complaint with a type of anonymity that allows for vindication of their rights.
12 The members of the class are so numerous that the joinder of all members
13 would be impractical and the disposition of their claims in a class action rather
14 than in individual actions will benefit the parties and the court.  There is a well-
15 defined community of interest in the questions of law or fact affecting the
16 Plaintiff Class in that the legal questions of violation of the contractual
17 agreements with its employees, the Wage Order, the *Labor Code*, and the
18 California Unfair Practices Act, are common to the Class Members.  The
19 factual questions relating to the amount of wages of which Defendants have
20 deprived Class Members and applicable penalties are also common to the Class
21 Members.

22     48.    A representative action pursuant to the Unfair Practices Act on behalf of
23 the general public is appropriate and necessary because the trade practices of
24 Defendants as alleged herein violated California law.  Plaintiffs also request pursuant
25 to the Unfair Practices Act that this Court exercise its ancillary jurisdiction over the
26 sums unlawfully retained by Defendants as a result of the conduct alleged herein and
27 order disgorgement of unpaid residuals to all affected Class Members.

28

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

**FIRST CAUSE OF ACTION**

**UNPAID WAGES**

*California Labor Code § 1194, 1194.2  and the Wage Order*

*(By Plaintiffs Individually and On Behalf of All Class Members*

*Against All Defendants )*

49.    Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

50.    This action is brought pursuant to *Labor Code* § 1194 which provides for an employee to recover in a civil action the unpaid balance of the full amount of compensation due, including interest thereon, attorneys' fees and costs, notwithstanding any agreement to work for a lesser wage and the Wage Order.

51.    This action is also brought pursuant to Section 7 of the Wage Order which requires employers to pay employees one-and-one-half (1-½) times their normal hourly rate for hours worked in excess of eight (8) per day and in excess of forty (40) per week.  (Wage Order 7-2001.)

52.    Defendants required its Class Members, including Plaintiffs, to clock out during their meal breaks, although they were often required to continue working or required to stay on the premises.  As a result, Class Members, including Plaintiffs, are entitled to receive compensation for the hours that they were clocked out but not permitted to be relieved of their duties or leave the premises.

53.    Defendants' failure to pay Class Members, including Plaintiffs, for all hours worked violated and continues to violate *Labor Code* § 1194 and Section 7 of the Wage Order.  Consequently, Class Members were not paid in compliance with California law.

54.    As a direct and proximate result of Defendants' conduct as hereinabove alleged, Class Members, including Plaintiffs, have sustained and will continue to

sustain damages in the amount of unpaid wages, together with interest thereon, attorneys' fees and costs of suit.

## SECOND CAUSE OF ACTION

### UNPAID OVERTIME COMPENSATION

#### Violation of the Wage Order and *Labor Code* § 510

##### *(By Plaintiffs Individually and On Behalf of All Class Members Against All Defendants)*

55.     Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

56.     This action is brought pursuant to the Wage Order and *Labor Code* § 510.

57.     Under the Wage Order and *Labor Code* § 510, Defendants are required to compensate Class Members, including Plaintiffs, for all overtime hours worked, which is calculated at one and one-half (1-½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours per day.

58.     As set forth above, when Class Members, including Plaintiffs, were required to clock out for a meal break during which time they were not permitted to leave the premises or were required to continue working, that period during which they were clocked out may have caused the duration of their workday to be more than eight (8) hours.  They were not paid overtime compensation for this extra time.

59.     The failure of Defendants to pay Class Members, including Plaintiffs, for all hours worked directly violates Section 3 of the Wage Order.  Consequently, Class Members, including Plaintiffs, were not paid in compliance with California law.  As a direct and proximate result of Defendants' conduct as herein alleged, Class Members, including Plaintiffs, have sustained and will continue to sustain damages for unpaid

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

overtime compensation, together with interest thereon, attorneys' fees, and costs of suit.

60.   Defendants' conduct described herein violates the overtime provisions of the Wage Order.  Accordingly, pursuant to § 1194 of the *Labor Code*, Class Members, including Plaintiffs, are entitled to recover the unpaid balance of wages owed, penalties (plus interest) and reasonable attorneys' fees and costs of suit, in an amount to be determined at trial

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL / REST BREAKS

**Violation of *Labor Code* § 226.7**

***(By Plaintiffs Individually and On Behalf of All Class Members***

***Against All Defendants)***

61.   Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

62.   Class Members, including Plaintiffs, were regularly required to remain in the building during their meal and rest breaks, or were required to continue working through these breaks, as a matter of uniform company policy, in violation of *Labor Code* § 226.7 and the Wage Order.

63.   Accordingly, Class Members, including Plaintiffs, are entitled to one (1) hour of compensation at their regular hourly rate for each meal period not provided and one (1) hour of compensation for each day that the requisite rest periods were not permitted in penalty wages pursuant to *Labor Code* § 226.7, in an amount to be proven at the time of trial.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

**FOURTH CAUSE OF ACTION**

**WAITING TIME PENALTIES**

**Violation of *Labor Code* § 203**

***(By Plaintiffs Individually and On Behalf of All Former Employee Sub-Class***

***Members Against All Defendants)***

64.   Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

65.   The Former Employee Sub-Class of employees whose employment with Defendants was terminated at any time after November 26, 2004 were, at all times during their employment with Defendants, entitled to wages for all hours worked but unpaid, including overtime compensation, and wages for the failure to provide meal and rest breaks.

66.   *Labor Code* § 201(a) provides that: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." *Labor Code* § 202(a) provides: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

67.   More than thirty (30) days have passed since IAN FREEMAN and the other members of the Former Employee Sub-Class quit or were discharged from their positions with Defendants.

68.   Defendants willfully failed to pay all wages due to Former Employee Sub-Class Members, who have terminated their employment with Defendants, by the applicable deadlines set forth in the *Labor Code*.

69.   As a consequence of Defendants' willful failure to pay the Former Employee Sub-Class Members all wages due at the time of termination, the Former

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

Employee Sub-Class Members are entitled to thirty (30) days wages as penalty damages pursuant to *Labor Code* § 203.

## FIFTH CAUSE OF ACTION

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

**Violation of California Labor Code §§ 226(a) and 226(e))**

***(By Plaintiffs Individually and On Behalf of All Class Members***

***Against All Defendants)***

70.    Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

71.    At all times relevant hereto, *Labor Code* § 226(a) provides, and provided, that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

72.    Defendants have intentionally and willfully failed to provide Class Members, including Plaintiffs, with complete and accurate wage statements. The deficiencies include, among other things, the failure to list the true "total hours worked" by Class Members due to Defendants' policy and practice of requiring Class

**GERAGOS & GERAGOS, APC**
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

Members, including Plaintiffs, to clock out for meal periods although they were required to stay on the premises or continue working while off the clock.

73.     As a result of Defendants' violation of *Labor Code* § 226(a), Class Members, including Plaintiffs, have suffered injury and damage to their statutorily-protected rights.

74.     Specifically, Class Members, including Plaintiffs, have been injured by Defendants' intentional violation of *Labor Code* § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements.

75.     Class Members, including Plaintiffs, are entitled to recover from Defendants the greater of their actual damages of Fifty Dollars ($50.00) per employee for the initial pay period in which a violation occurs and One Hundred Dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding Four Thousand Dollars ($4,000.00) per employee caused by Defendants' failure to comply with *Labor Code* § 226(a).

## SIXTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES

### Violation of *B& P Code* § 17200, *et seq.*

### (By Plaintiffs Individually and On Behalf of All Class Members
### Against All Defendants)

76.     Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

77.     Defendants' violations of California labor laws and wage orders, set forth herein above, constitute business practices because the violations were and are done repeatedly over a significant period of time and in a systematic manner.

78.     A violation of *B&P Code* § 17200, *et seq.* may be predicated on the violation of any state or federal law.  All of the acts described herein as violations of,

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

among other things, the *California Labor Code*, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of *B&P Code* § 17200, *et seq*.

### Failing to Pay Overtime

79.   Defendants' failure to pay overtime compensation in accordance with the *Labor Code* and the Wage Order, as alleged above, constitutes unlawful and/or unfair activity prohibited by *B&P Code* § 17200, *et seq*

### Failing to Provide Meal and Rest Periods

80.   Defendants' failure to provide legally-required meal periods in violation of the *Labor Code* and the Wage Order, as alleged above, constitutes unlawful and/or unfair activity prohibited by  *B&P Code* § 17200, *et seq*.

### Failing to Provide Accurate Itemized Wage Statements

81.   Defendants' failure to provide accurate itemized wage statements in accordance with *Labor Code*, as alleged above, constitutes unlawful and/or unfair activity prohibited by  *B&P Code* § 17200, *et seq*.

### Failing to Timely Pay Wages Upon Termination

82.   Defendants' failure to timely pay wages upon termination in accordance with *Labor Code*, as alleged above, constitutes unlawful and/or unfair activity prohibited by  *B&P Code* § 17200, *et seq*.

83.   Defendants' actions in violation of California labor laws and wage orders constitute unfair competition and disadvantages over Defendants' competitors, and unfair, deceptive and unlawful business practices under *B&P Code* § 17200, *et seq*. Said actions of Defendants have deprived and continue to deprive Class and Sub-Class Members, including Plaintiffs, and other members of the general public, of the minimum working standards and conditions due to them under the California employment laws and the Wage Order as specifically described herein.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

84.     Plaintiffs, on behalf of themselves and Class Members, and other similarly situated members of the general public, seek full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired, and/or converted by Defendants by means of the unfair practices complained of herein. Plaintiffs seek on their own behalf and on behalf of Class Members, and on behalf of the general public, the appointment of a receiver, as necessary.  The acts complained of herein occurred, at least in part, within the four (4) years preceding the filing of the original complaint in this action.

85.     Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

86.     Plaintiffs, as aggrieved employees, hereby seek recovery of civil penalties as prescribed by the *Labor Code* Private Attorneys General Act of 2004 on behalf of themselves and other Class members against whom one or more of the violations of the *Labor Code* were committed.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on their own behalf, and on behalf of the members of the Class Members and Sub-Class Members, as well as the general public, prays for judgment as follows:

## CLASS CERTIFICATION:

1.   For an order certifying the proposed Classes and Sub-Class;

2.   That Plaintiffs be appointed as the representatives of the Classes and Sub-Class; and

3.   That counsel for Plaintiffs be appointed as Class Counsel.

## AS TO THE FIRST CAUSE OF ACTION:

1.   That the Court declare, adjudge, and decree that Defendants violated *Labor Code* § 1194 and the Wage Order by willfully failing to pay all wages due to Plaintiffs and Class Members;

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

2. For general unpaid wages, as well as liquidated damages pursuant *Labor Code* § 1194.2, and for such general and special damages as may be appropriate;

3. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due; and

4. For reasonable attorneys' fees and costs of suit incurred herein pursuant to *Labor Code* § 1194(a).

**AS TO THE SECOND CAUSE OF ACTION**:

1. That the Court declare, adjudge, and decree that Defendants violated *Labor Code* § 1194 and the Wage Order by wilfully failing to pay all overtime wages due to Plaintiffs and Class Members;

2. For general unpaid overtime wages at overtime wage rates, liquidated damages pursuant  *Labor Code* § 1194.2, and for such general and special damages as may be appropriate;

3. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due; and

4. For reasonable attorneys' fees and costs of suit incurred herein pursuant to *Labor Code* § 1194(a).

**AS TO THE THIRD CAUSE OF ACTION***:*

1. That the Court declare, adjudge, and decree that Defendants violated *Labor Code* §§ 226.7 and 512 and the Wage Order by willfully failing to provide all meal and rest periods (including second meal periods) to Plaintiffs and Class Members;

2. That the Court make an award to the Plaintiffs and Class Members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

3. That the Court make an award to the Plaintiffs and Class Members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

4. For premiums pursuant to *Labor Code* § 226.7(b); and

5. For pre-judgment interest on any unpaid wages from the date such amounts were due.

### AS TO THE FOURTH CAUSE OF ACTION:

1. That the Court declare, adjudge, and decree that Defendants violated *Labor Code* §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiffs and the Former Employee Sub-Class Members;

2. For statutory wage penalties pursuant to *Labor Code* § 203 for Plaintiffs and all Former Employee Sub-Class Members; and

3. For pre-judgment interest on any unpaid wages from the date such amounts were due.

### AS TO THE FIFTH CAUSE OF ACTION:

1. That the Court declare, adjudge, and decree that Defendants violated the record keeping provisions of *Labor Code* § 226(a) as to Plaintiffs and Class Members, and willfully failed to provide accurate itemized wage statements thereto;

2. For statutory penalties pursuant to *Labor Code* § 226(e); and

3. For civil penalties pursuant to *Labor Code* §§ 226(a) and 226.3.

### AS TO THE SIXTH CAUSE OF ACTION

1. That the Court declare, adjudge, and decree that Defendants violated *B&P Code* § 17200, *et seq.* by failing to provide Plaintiffs and Class Members all compensation due to them, failing to provide meal periods, failing to provide rest periods, failing to provide accurate itemized wage statements, and failing to pay Plaintiffs' and Former Employee Sub-Class Members' wages timely as required by *Labor Code* §§ 201, 202 and 203;

2. For restitution of unpaid wages to Plaintiffs and all Class Members and prejudgment interest from the day such amounts were due and payable;

**Geragos & Geragos, apc**
Historic Engine Co. No. 28
644 South Figueroa Street
Los Angeles, California 90017-3411

3. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of *B&P Code* § 17200, *et seq.*; and

4. For reasonable attorneys' fees and costs of suit incurred herein pursuant to *CCP* § 1021.5.

## **AS TO THE SEVENTH CAUSE OF ACTION**:

1. That the Court declare, adjudge, and decree that Defendants' payroll practices as to Plaintiffs and the Class Members violated one or more sections of the *Labor Code*;

2. For civil penalties pursuant to *Labor Code* § 2699; and

3. Attorneys' fees and costs of suit pursuant to *Labor Code* § 2699(g)(1).

## **AS TO ALL CAUSES OF ACTION**:

1. For all actual, consequential, and incidental losses and damages, according to proof;

2. For costs and suit herein incurred; and

3. For such other and further relief as the Court may deem just and proper.

DATED:  November 19, 2014

GERAGOS & GERAGOS, APC
SAMINI SCHEINBERG, PC

By:  /s/ MARK J. GERAGOS
MARK J. GERAGOS
BEN J. MEISELAS
GREG KIRAKOSIAN
TYLER M. ROSS
BOBBY SAMINI
NICOLE PRADO
MATTHEW M. HOESLY
Attorneys for Plaintiff IAN FREEMAN,
individually and as the representative of
a class of similarly-situated persons

**GERAGOS & GERAGOS, APC**
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

**DEMAND FOR JURY TRIAL**

Plaintiff Ian Freeman, individually and as the representative of a class of similarly-situated persons, hereby demands a jury trial.


DATED:  November 19, 2014                    GERAGOS & GERAGOS, APC
                                             SAMINI SCHEINBERG, PC


                                    By:   /s/ MARK J. GERAGOS
                                          MARK J. GERAGOS
                                          BEN J. MEISELAS
                                          GREG KIRAKOSIAN
                                          TYLER M. ROSS
                                          BOBBY SAMINI
                                          NICOLE PRADO
                                          MATTHEW M. HOESLY
                                          Attorneys for Plaintiff IAN FREEMAN,
                                          individually and as the representative of
                                          a class of similarly-situated persons

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411