UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-01843-JLS (RNBx)                                Date: March 19, 2015
Title: Ian Freeman v. Zillow, Inc. et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:
Not Present                                                          Not Present

**PROCEEDINGS:**   (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 20)

## I. INTRODUCTION

Before the Court is a Motion to Dismiss filed by Defendant Zillow, Inc. (Mot., Doc. 20.) Plaintiff Ian Freeman filed an Opposition, and Defendant replied. (Opp'n, Doc. 24; Reply, Doc. 26). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for March 20, 2015, at 2:30 p.m., is VACATED. For the following reasons, the Court GRANTS Defendant's Motion.

## II. BACKGROUND

Plaintiff Ian Freeman worked as an Inside Sales Consultant for Defendant Zillow, Inc., from September 17, 2012, through at least September 4, 2014. (Compl. ¶ 11, Doc. 1.)[1] Freeman was classified as a non-exempt hourly employee by Zillow. (Id. ¶¶ 11, 13.) According to the Complaint, Zillow engaged in an "illegal design to circumvent Federal and State laws with the sole purpose of maximizing profits through a systematic scheme of exploiting and intimidating its employees to miss meal breaks, rest breaks, and work overtime without compensation." (Id. ¶ 1.)

---

[1] When ruling on a motion to dismiss, the Court accepts as true the factual allegations in the complaint. *Hemi Grp., LLC v. City of New York, N.Y.*, 559 U.S. 1, 5 (2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 14-01843-JLS (RNBx)                                           Date:  March 19, 2015
Title:  Ian Freeman v. Zillow, Inc. et al.

Specifically, Freeman alleges that "Zillow implemented an automated method of 'recording' its employees' work hours through an automated timekeeping system programmed to auto-populate its employees' hours worked to begin at 8:00 a.m. and end at 4:00 p.m., regardless of employees [sic] overtime hours worked and missed meal and rest breaks."  (Id. ¶ 2.)  Zillow allegedly "would auto-populate [employees'] timecards with a standard eight hour workday and forty hour work week, regardless of the correct overtime hours actually worked."  (Id. ¶ 29.)  According to Freeman, "Zillow openly instructed its employees that the automated time-keeping system would only be altered in the event an employee missed work or took a sick day."  (Id. ¶ 3.)

Freeman claims that Zillow "required and demanded" that employees "work beyond the automatically recorded eight hour work day and/or forty hour workweek without compensation" and "demanded" that employees work through their "meal and rest breaks while denying them compensation by automatically detracting this time from their previously auto-populated timesheets."  (Id. ¶ 4, 23.)  According to the Complaint, Zillow, through "various memos, meetings, and methods of intimidation," (id. ¶ 3) utilized "demands and intimidating requests" to have employees begin work before the auto-populated work hours.  (Id. ¶ 31.)  Freeman alleges that these requirements and demands "may have caused the duration of [employees'] workday[s] to be more than eight (8) hours."  (Id. ¶ 58.)  Thus, Freeman contends that "Zillow had a policy preventing [employees] from inputting their true and correct overtime hours in an attempt to prevent [them] from being compensated for any overtime hours worked."  (Id. ¶ 30.)

According to Freeman, Zillow "had a consistent policy or practice" of (1) failing to provide employees with duty-free meal periods; (2) failing to provide employees with proper rest breaks; (3) requiring employees to clock out for meal periods and rest breaks even though they were required to continue working through or stay on the premises during those meal periods and rest breaks; (4) failing to compensate employees for duty-free meal periods that were not provided within the first five hours of any shift or six or more hours worked, on-duty meal periods, or rest breaks that were not provided within each four hours of a shift; and (5) failing to provide employees with accurate wage statements reflecting the true number of hours worked in compliance with state and federal wage and hour laws. (Id. ¶¶ 37-43.)

_____
### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-01843-JLS (RNBx)                    Date: March 19, 2015

Title: Ian Freeman v. Zillow, Inc. et al.

On November 19, 2014, on behalf of himself and other similarly situated employees, Freeman filed a complaint against Zillow, alleging six separate causes of action. (Compl. ¶¶ 49-86.) Freeman alleges claims for (1) unpaid wages under California Labor Code § 1194 and § 1198; (2) unpaid overtime compensation in violation of California Labor Code § 510, § 1194, and § 1198; (3) failure to provide meal / rest breaks in violation of California Labor Code § 226.7; (4) waiting time penalties under California Labor Code § 203; (5) failure to provide accurate itemized wage statements in violation of California Labor Code § 226 and § 1174; and (6) unfair business practices under California's Business & Professions Code § 17200, et seq. (Id.)

### III.     LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 14-01843-JLS (RNBx)            Date:  March 19, 2015
Title:  Ian Freeman v. Zillow, Inc. et al.

### IV.  DISCUSSION

Defendant contends that Plaintiff's "Complaint does not provide any details about the nature of Zillow's alleged policies or practices that resulted in Mr. Freeman and putative class members allegedly being un-compensated or under-compensated for their work." (Mem. at 3, Doc. 21.)  According to Defendant, "[e]ach of the claims must be dismissed because [the Complaint] fails to plead any non-conclusory facts that would plausibly give rise to the harmful conduct asserted."  (Id. at 4.)

#### A.  Failure to Pay Overtime (Claim 2)

Plaintiff's second claim alleges that Defendant failed to pay Plaintiff overtime in violation of California Labor Code § 510, § 1194, and § 1198.  (Compl. ¶¶ 55-60.)  California Labor Code § 510(a) provides that "[e]ight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Cal. Lab. Code § 510(a).  Under California Labor Code § 1194, "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Cal. Lab. Code § 1194.  Further, California Labor Code § 1198 provides that "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."  Cal. Lab. Code § 1198.

Defendant argues that Plaintiff's overtime claim must be dismissed because each of Plaintiff's "allegations regarding Zillow's alleged overtime pay violations is little more than a non-specific restatement of the elements of his cause of action."  (Mem. at 9.)  In

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-01843-JLS (RNBx)　　　　　　　　　　　Date: March 19, 2015

Title: Ian Freeman v. Zillow, Inc. et al.

its Reply, Defendant relies heavily on the Ninth Circuit's recent decision in *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014), *as amended* (Jan. 26, 2015). (*See* Reply.)

  In *Landers*, a plaintiff brought suit for failure to pay minimum wages and overtime wages in violation of the Fair Labor Standards Act ("FLSA"). *Id.* at 639. In affirming the district court's dismissal of the plaintiff's complaint, the Ninth Circuit for the first time addressed "the degree of specificity required to state a claim for failure to pay minimum wages or overtime wages under the FLSA." *Id.* at 640. The Ninth Circuit recognized that "[p]re-*Twombly* and *Iqbal*, the pleading requirement could be met by a statement merely setting forth the elements of the claim." *Id.* However, the Ninth Circuit explained that the "state of affairs changed when the Supreme Court clarified in *Twombly* that to satisfy Rule 8(a)(2), a complaint must contain sufficient factual content 'to state a claim to relief that is plausible on its face . . . ." *Id.* at 641 (quoting *Twombly*, 550 U.S. at 570.)

  In light of *Twombly* and *Iqbal*, the *Landers* Court recognized that "detailed factual allegations regarding the number of overtime hours worked are not required to state a plausible claim." *Id.* at 644. However, the Ninth Circuit did "not agree that conclusory allegations that merely recite the statutory language are adequate." *Id.* Therefore, "in order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Id.* at 644-645. *Landers* provided further direction by explaining that "[a] plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Id.* at 645. However, "at a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week." *Id.* Applying this standard, the *Landers* Court found that the plaintiff had failed to state a claim for unpaid minimum wages and overtime wages because "[t]he complaint did not allege facts showing that there was a given week in which he was entitled to but denied

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-01843-JLS (RNBx)                                   Date: March 19, 2015

Title: Ian Freeman v. Zillow, Inc. et al.

minimum wages or overtime wages," and "the allegations failed to provide sufficient detail about the length and frequency of [the plaintiff's] unpaid work to support a reasonable inference that [the plaintiff] worked more than forty hours in a given week." *Id.* at 645-646 (internal quotation marks and citation omitted).

The Court recognizes that the Ninth Circuit's decision in *Landers* discussed overtime claims asserted under the FLSA only. Here, Plaintiff's overtime claim is not asserted under the FLSA, but rather under the California Labor Code. Nevertheless, the new standard for FLSA claims articulated in *Landers* was based on the Court's reading of *Twombly* and *Iqbal* and how federal pleading standards have changed after those Supreme Court decisions. As stated in *Iqbal*, the Supreme Court's "decision in *Twombly* expounded the pleading standard for *all civil actions.*" *Iqbal*, 556 U.S. at 684 (internal quotation marks and citation omitted) (emphasis added). As a result, the reasoning in *Landers* also applies to Plaintiff's overtime claim asserted under the California Labor Code because both California Labor Code § 510(a) and 29 U.S.C. § 207 require Plaintiff to have worked overtime in a given workweek to state a claim against Defendant for failure to pay overtime wages. *Compare* Cal. Lab. Code § 510(a) and 29 U.S.C. § 207. The only difference between the two statutes that is relevant to this case is that Plaintiff may not only state a claim under the California Labor Code by alleging that Defendant failed to pay overtime wages for "any work in excess of 40 hours in any one workweek," but also by alleging that Defendant failed to pay overtime wages for "[a]ny work in excess of eight hours in one workday." Cal. Lab. Code § 510(a).

Turning to the Complaint filed by Plaintiff in this case, as in *Landers*, Plaintiff has "failed to provide sufficient detail about the length and frequency of [Plaintiff's] unpaid work to support a reasonable inference that [Plaintiff] worked more than forty hours in a given week." *Landers*, 771 F.3d at 646 (internal quotation marks and citation omitted). Plaintiff alleges the following:

- Zillow engaged in an "illegal design to circumvent Federal and State laws with the sole purpose of maximizing profits through a systematic scheme of exploiting and intimidating its employees to . . . work overtime without compensation." (Compl. ¶ 1.)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 14-01843-JLS (RNBx)                    Date:  March 19, 2015
Title:  Ian Freeman v. Zillow, Inc. et al.
_____

- "Zillow implemented an automated method of 'recording' its employees' work hours through an automated timekeeping system programed to auto-populate its employees' hours worked to begin at 8:00 a.m. and end at 4:00 p.m., regardless of employees overtime hours worked . . . ."  (Id. ¶ 2.)
- Zillow allegedly "would auto-populate [employees'] timecards with a standard eight hour workday and forty hour work week, regardless of the correct overtime hours actually worked."  (Id. ¶ 29.)
- Zillow "required and demanded" that employees "work beyond the automatically recorded eight hour work day and/or forty hour workweek without compensation . . . while denying them compensation by automatically detracting this time from their previously auto-populated timesheets."  (Id. ¶ 4, 23.)
- Zillow, through "various memos, meetings, and methods of intimidation," (id. ¶ 3) utilized "demands and intimidating requests," to have employees begin work before the auto-populated work hours.  (Id. ¶ 31.)
- "Zillow had a policy preventing [employees] from inputting their true and correct overtime hours in an attempt to prevent [them] from being compensated for any overtime hours worked."  (Id. ¶ 30.)

Based on these allegations, Plaintiff contends that these requirements, demands, and policies "*may* have caused the duration of [Plaintiff's] workday[s] to be more than eight (8) hours."  (Id. ¶ 58 (emphasis added).)  However, nowhere does Plaintiff allege any workday where he worked in excess of eight hours or any workweek where he worked in excess of forty hours and was not paid for those excess hours.  The Ninth Circuit does not require "that a plaintiff alleging failure to pay minimum wages or overtime wages [] approximate the number of hours worked without compensation."  *Landers*, 771 F.3d at 646.  However, the Ninth Circuit held that "at a minimum the plaintiff must allege at least one workweek when he worked in excess of forty hours and was not paid for the excess hours in that workweek," which Plaintiff has failed to do.  *Id.*  Therefore, although Plaintiff's allegations "raise the possibility of undercompensation . . ., a possibility is not the same as plausibility." *Id.* (internal quotation marks and citation omitted).

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 14-01843-JLS (RNBx) | Date: March 19, 2015 |
| Title: Ian Freeman v. Zillow, Inc. et al. | |

Accordingly, Plaintiff's allegations fall short of the standard articulated in *Landers*. Plaintiff's second claim for unpaid overtime compensation in violation of California Labor Code § 510, § 1194 § 1198 is dismissed without prejudice. *See Perez v. Wells Fargo & Co.*, No. C 14-0989 PJH, 2014 WL 6997618, at *8 (N.D. Cal. Dec. 11, 2014) (dismissing the plaintiffs' claims under the FLSA with leave to amend and requiring the plaintiffs to plead facts showing "a specific week" in which they worked "more than 40 hours a week and was not compensated for overtime").

### B. Failure to Provide Meal and Rest Breaks (Claim 3)

Plaintiff's third claim alleges that Defendant failed to provide Plaintiff with meal and rest breaks in violation of California Labor Code § 226.7. (Compl. ¶¶ 61-63.) California Labor Code § 226.7(b) provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health." Cal. Lab. Code § 226.7(b). Further, § 226.7(c) provides that "[i]f an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Lab. Code § 226.7(c). Under California Labor Code § 512(a), "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . . ." Cal. Lab. Code § 512(a).

For the same reasons that the Court found Plaintiff's overtime claim to be deficient, the Court finds that Plaintiff's claim for failure to provide meal and rest breaks fails to satisfy the pleading requirements under *Twombly* and *Iqbal*. Plaintiff alleges the following:

- Zillow engaged in an "illegal design to circumvent Federal and State laws with the sole purpose of maximizing profits through a systematic scheme of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  SACV 14-01843-JLS (RNBx)                                             Date:  March 19, 2015
Title:  Ian Freeman v. Zillow, Inc. et al.

- exploiting and intimidating its employees to miss meal breaks[ and] rest breaks . . . ."  (Compl. ¶ 1.)
- Specifically, Freeman alleges that "Zillow implemented an automated method of 'recording' its employees' work hours through an automated timekeeping system programed to auto-populate its employees' hours worked to begin at 8:00 a.m. and end at 4:00 p.m., regardless of employees . . . missed meal and rest breaks."  (Id. ¶ 2.)
- Zillow "demanded" that employees work through their "meal and rest breaks while denying them compensation by automatically detracting this time from their previously auto-populated timesheets."  (Id. ¶¶ 4, 23.)
- Zillow "had a consistent policy or practice" of (1) failing to provide employees with duty-free meal periods, (2) failing to provide employees with proper rest breaks, (3) requiring employees to clock out for meal periods and rest breaks even though they were required to continue working through or stay on the premises during those meal periods and rest breaks, and (4) failing to compensate employees for duty-free meal periods, on-duty meal period, or rest breaks.  (Id. ¶¶ 37-42.)

However, nowhere does Plaintiff allege at least one meal or rest break where he worked through the break and was not paid for that time.  Further, nowhere does Plaintiff allege a given instance where Defendant failed to provide him a meal or rest break in compliance with state law.  Once again, although Plaintiff's allegations raise the possibility of violations, Plaintiff has failed to provide sufficient detail to support a reasonable inference that Defendant violated California Labor Code § 226.7.  *See Lopez v. Wendy's Int'l, Inc.*, No. CV 11-00275 MMM JCX, 2011 WL 6967932, at *2 (C.D. Cal. Sept. 19, 2011) (A plaintiff asserting claims on behalf of a class "does not lower the pleading requirements for the named plaintiff's claims, or in any way blunt the impact of the Supreme Court's holdings in *Twombly* and *Iqbal*.").

      Accordingly, Plaintiff's third claim for failure to provide meal and/or rest breaks in violation of California Labor Code § 226.7 is dismissed without prejudice.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 14-01843-JLS (RNBx) | Date: March 19, 2015 |
| Title: Ian Freeman v. Zillow, Inc. et al. | |

### C. Plaintiff's Remaining Claims (Claims 1, 4, 5, and 6)

Plaintiff's first, fourth, fifth, and sixth claims allege that Defendant violated California Labor Code §§ 203, 226, 1174, 1194, and 1198, and California's Business and Professions Code § 17200, et seq. (Compl. ¶¶ 49-54, 64-78.) Each of these claims is dependent upon Plaintiff's claims alleging Defendant's failure to provide overtime pay, meal breaks, and/or rest breaks. *See* Cal. Lab. Code §§ 203, 226, 1174, 1194, 1198; Cal. Bus. & Prof. Code § 17200. The Court has dismissed Plaintiff's claims for unpaid overtime compensation and failure to provide meal and/or rest breaks. Therefore, Plaintiff's remaining claims must be dismissed.

Accordingly, Plaintiff's first claim for unpaid wages under California Labor Code § 1194 and § 1198, fourth claim for waiting time penalties under California Labor Code § 203, fifth claim for failure to provide accurate itemized wage statements in violation of California Labor Code § 226 and § 1174, and sixth claim for unfair business practices under California's Business & Professions Code § 17200, et seq. are dismissed without prejudice.

### V. CONCLUSION

For the foregoing reasons, Defendant's Motion is GRANTED. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. Plaintiff shall have **21 days** from the date of this Order to file an amended complaint addressing the Complaint's deficiencies.

Initials of Preparer: tg

___