# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| IAN FREEMAN, an individual and as the representative of a class of similarly situated persons,<br><br>Plaintiff,<br>v.<br><br>ZILLOW, INC., a Washington corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | SACV 14-01843-JLS(DFMx)<br><br>**FINAL JUDGMENT** |

WHEREAS, Plaintiff Ian Freeman, for himself and on behalf of the proposed Class, entered into a Settlement Agreement with Defendant Zillow, Inc. ("Zillow") on December 2, 2016, as amended on April 10, 2017, and May 19, 2017 ("Settlement Agreement");

WHEREAS, on May 10, 2017, the Court entered an Order Conditionally Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement and Class Notice (Dkt. 139);

WHEREAS, on May 26, 2017, the Court entered an Order Granting Motion for Preliminary Approval of Class Collective Action Settlement and Approval of Form and Manner of Notice with Amendments, Dkt. No. 142 ("Preliminary Approval Order"). Among other things, the Preliminary Approval Order authorized Plaintiff to disseminate notice of the Settlement, the fairness hearing, and related matters to the Class. Notice was timely provided to the Class pursuant to the Preliminary Approval Order, and the Court held a fairness hearing on September 8, 2017, at 2:30 p.m.;

WHEREAS, on October 3, 2017, the Court entered an Order Granting Plaintiff's Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees and Incentive Award (Dkt. 152) ("Final Approval Order").

NOW, THEREFOR, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Judgment that are not otherwise defined herein shall have the same meanings as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties, Class Members, and FLSA Collective Action Members.

3. The notification provided for and given to the Class: (i) was provided and made in full compliance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise the Class of the terms of the Settlement, of the proposed Plan of Allocation, of Class Counsel's application for an award of attorney's fees, costs and expenses incurred in connection with the Action, of Class Members' right either to request exclusion from the Class or to object to the Settlement, the Plan of Allocation, or Class Counsel's application for an award of attorney's fees, costs and expenses, and application for an incentive award to Plaintiff Ian Freeman, and of the right of Class Members to appear at the Fairness

Hearing; (iv) constituted due, adequate, and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (v) fully satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause of the Fifth Amendment to the Constitution), the Class Action Fairness Act, and all other applicable laws and rules.

4. No objections to the Settlement have been made by any party or Class Member.

5. No person has submitted a request to be excluded from the Class.

6. In light of the substantial benefits provided to the Class by the settlement, the complexity, expense, and possible duration of further litigation of the Action, including any possible appeals, the risks of establishing liability and damages, and the costs of continued litigation, the Court hereby fully and finally approves the Settlement as set forth in the Settlement Agreement in all respects, finds the Settlement is in all respects fair, reasonable and adequate, and in the best interests of Plaintiff Ian Freeman, the Class, and the Class Members, and directs consummation of the Settlement according to its terms and provisions. The Court further finds that the Settlement Agreement is the result of arm's-length negotiations conducted between highly experienced counsel representing the interests of their respective Settling Parties, under the supervision of a Magistrate Judge of this Court.

7. The Final Approval Order and Final Judgment shall operate as a complete bar order that discharges and releases the Released Claims by the Releasing Class Members against the Released Parties.

8. Nothing contained in the Settlement Agreement shall be construed or deemed an admission of liability, culpability, or wrongdoing on the part of Zillow, nor deemed to constitute an admission by Zillow as to any interpretation of laws or as to the merits, validity, or accuracy of any claims made against it in the Action,

nor construed or deemed an admission with regards to the validity of any of Zillow's defenses or affirmative defenses.

9. The Settlement Agreement, and all related documents, and all other actions taken in implementation of the Settlement, including any statements, discussions, or communications, and any materials prepared, exchanged, issued, or used during the course of the negotiations leading to the Settlement Agreement are settlement documents and shall be inadmissible in evidence and shall not be used for any purpose in any judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or proceeding, including any wage and hour or other litigation against Zillow, for any purpose, except in an action or proceeding to approve, interpret, or enforce the terms of the Settlement Agreement. Nothing in this provision, however, limits Zillow's ability to use this Judgment, the fact that a Class Member is bound by this Judgment, or the fact that any Class Member has received or negotiated any Settlement Check in connection with this Judgment, as evidence.

10. The class list, calculations by the Claims Administrator, and any other evidence produced or created by any Class Member in connection with the claims resolution procedures pursuant to the Settlement, or other evidence, do not constitute, are not intended to constitute, and will not be deemed to constitute an admission by Zillow of any violation of federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity.

11. The Settlement Fund account maintained by the Claims Administrator, and into which Zillow shall deposit a total of $6,000,000 seven calendar days after the Settlement Effective Date, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

12. The Claims Administrator is authorized to distribute from the Settlement Fund to the California Labor and Workforce Development Agency

1 | $45,000, an amount representing 75% of the PAGA Payment. The remainder of the PAGA Payment, or $15,000, shall revert to and be deemed part of the Net Settlement Amount and shall be allocated to Class Members pursuant to the Plan of Allocation.

13. The Claims Administrator is authorized to distribute from the Settlement Fund to Class Members the amounts that Class Counsel and the Claims Administrator have determined are owed to each Class Member under the terms of the approved Plan of Allocation.

14. The Claims Administrator is authorized to distribute from the Settlement Fund to Plaintiff Ian Freeman an Incentive Award in the amount of $15,000.

15. The Claims Administrator is authorized to distribute from the Settlement Fund to Class Counsel $1,800,000 in attorneys' fees and $28,775.68 in costs.

16. The Claims Administrator is authorized to retain from the Settlement Fund its administrative costs and expenses in the amount of $47,500.

17. Class Members will receive a settlement check dedicated to their share, if any, of the FLSA overtime allocation (the FLSA Settlement Check) and a separate check for any amount due under the other allotments (the Class Action Settlement Check). Each Class Member, whether or not such Class Member negotiates a Class Action Settlement Check, is bound by this Judgment, including without limitation, the release of claims set forth above and in the Settlement Agreement, except with respect to claims arising under the FLSA, 29 U.S.C. § 201, *et seq.* Each Class Member who negotiates or cashes an FLSA Settlement Check, or returns a signed Department of Labor Form WH-58, will be deemed to have opted into the FLSA collective action and will thereby be bound by this Judgment, including without limitation, the release of claims set forth above and in the Settlement Agreement, with respect to any Released Claims arising under the FLSA, 29 U.S.C. § 201, *et seq.*

18. Plaintiff Ian Freeman fully releases and discharges Zillow and other Released Parties from the claims described in Section 8.5, 8.5.1, and 8.5.2 of the Settlement Agreement and is barred, enjoined and restrained from and shall not institute, maintain, prosecute, assert, and/or cooperate in the institution, commencement, filing, or prosecution of any suit, action, and/or proceeding against the Released Parties, either directly or indirectly, on his own behalf, on behalf of a class, in a representative action, or on behalf of any other person or entity with respect to such claims.

19. There is no just reason for delay in directing entry of a Final Judgment as to Zillow.

20. This Action is dismissed with prejudice, without costs to either party.

21. Without affecting the finality of this Final Judgment, the Court will retain continuing jurisdiction over the Parties and the Class Settlement Amount to enforce the terms of the Settlement Agreement and will retain jurisdiction over the Parties, the Class Settlement Amount, and the Claims Administrator for purposes of effectuating the Settlement Agreement and all matters relating to the administration, consumption, implementation, enforcement, and interpretation of the terms of the Settlement Agreement. The Parties have submitted to the jurisdiction of this Court for purposes of implementing and enforcing the Settlement Agreement. Any dispute arising out of or relating in any way to the Settlement Agreement shall not be litigated or otherwise pursued in any forum or venue other than this Court.

IT IS SO ORDERED.

Dated: October 11, 2017

Josephine L. Staton
UNITED STATES DISTRICT JUDGE